UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Simha, as Trustee for the Next-of-Kin of Noah Leopold,<br><br>        Plaintiff,<br><br>vs.<br><br>Mayo Clinic,<br><br>        Defendant. | Civil File No. 24-CV-01097-JRT-DTS<br><br>**DEFENDANT MAYO CLINIC'S ANSWER TO COMPLAINT** |

Defendant Mayo Clinic ("Mayo"), for its Answer to Plaintiff's Complaint, responds to each of the numbered paragraphs therein by admitting, denying, or alleging as follows. Except as expressly admitted herein, Mayo Clinic denies each and every allegation in the Complaint.

1. Mayo lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint.

2. Mayo admits that Noah Leopold was born on October 10, 1982 and died on September 9, 2023. Mayo lacks sufficient information to admit or deny the remaining allegations in Paragraph 2 of the Complaint.

3. Mayo admits that it is a Minnesota non-profit corporation with its principal place of business and registered office in Minnesota.

4. Mayo lacks sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint.

5. Mayo admits the allegations in Paragraph 5 of the Complaint.

6. Mayo admits that at the time of his death, Mr. Leopold was a patient at Mayo. Mayo further admits that it acts through its employees who act within the scope of their employment to provide health care to patients seen at Mayo's facilities, including Mr. Leopold. Mayo otherwise denies the allegations in Paragraph 6 of the Complaint.

7. Mayo admits that it employs physicians, nurses, and other medical professionals to provide services to patients, including Mr. Leopold. Mayo further admits that it acts through its employees who act within the scope of their employment to provide health care to patients seen at Mayo's facilities. Mayo otherwise denies the allegations in Paragraph 7 of the Complaint.

8. Mayo admits the allegations in Paragraph 8 of the Complaint.

9. Mayo denies the allegations in Paragraph 9 of the Complaint.

10. Mayo admits that on August 29, 2023, Mr. Leopold was informed that a suitable donor heart had become available. Mayo denies the remaining allegations in Paragraph 10 of the Complaint.

11. Mayo admits that Mr. Leopold was informed that the heart offered to him came from a donor with risk factors for the development of acute Hepatitis B, Hepatitis C, or HIV infection, that he had no obligation to accept this organ, and that refusal would not affect his priority to receive another organ. Mayo further states that Mayo personnel answered numerous questions about the donor organ, and that Mr. Leopold consented to proceed with it. Mayo lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Complaint.

12. Mayo denies the allegations in Paragraph 12 of the Complaint.

13. Mayo admits that its employees were involved in the procurement and transportation of the donor heart, which was determined to be suitable for transplantation. Mayo further admits that the donor heart was transported to Rochester in an Organ Care System ("OCS") Heart System manufactured by TransMedics, Inc. Mayo otherwise denies the allegations in Paragraph 13 of the Complaint.

14. Mayo admits that it appropriately monitored the donor heart during its transportation to Rochester. Mayo otherwise denies the allegations in Paragraph 14 of the Complaint.

15. Mayo admits that it had begun explanting Noah Leopold's native heart prior to the donor heart arriving at the operating room, as was appropriate under the circumstances. Mayo otherwise denies the allegations in Paragraph 15 of the Complaint.

16. Mayo admits that Noah Leopold experienced complications during his transplant procedure that compelled explantation of the donor heart, and that Mr. Leopold was then maintained on bypass pending further treatment. Mayo denies the remaining allegations in Paragraph 16 of the Complaint.

17. Mayo admits that Noah Leopold passed away on September 9, 2023. Mayo otherwise denies the allegations in Paragraph 17 of the Complaint.

### Count I – Medical Negligence

18. Mayo re-alleges and incorporates by reference all previous paragraphs.

19. Mayo denies the allegations in Paragraph 19 of the Complaint.

20. Mayo denies the allegations in Paragraph 20 of the Complaint.

## Count II – Negligent Nondisclosure

21. Mayo re-alleges and incorporates by reference all previous paragraphs.

22. Mayo denies the allegations in Paragraph 22 of the Complaint.

23. Mayo denies the allegations in Paragraph 23 of the Complaint.

24. Mayo denies the allegations in Paragraph 24 of the Complaint.

25. Mayo alleges that it appropriately notified Mr. Leopold of the risks associated with the heart transplant procedure. Mayo otherwise denies the allegations in Paragraph 25 of the Complaint.

26. Mayo denies the allegations in Paragraph 26 of the Complaint.

27. Mayo denies the allegations in Paragraph 27 of the Complaint.

28. Mayo denies the allegations in Paragraph 28 of the Complaint.

## Count III – Medical Battery

29. Mayo re-alleges and incorporates by reference all previous paragraphs.

30. Mayo alleges that Mr. Leopold was appropriately advised of the risks associated with the heart transplant procedure. Mayo further alleges that Mr. Leopold consented to the procedure. Mayo otherwise denies the allegations in Paragraph 30 of the Complaint.

31. Mayo denies the allegations in Paragraph 31 of the Complaint.

32. Mayo denies the allegations in Paragraph 32 of the Complaint.

33. Mayo denies the allegations in Paragraph 33 of the Complaint.

## Damages

34. Mayo denies the allegations in Paragraph 34 of the Complaint.

35. Mayo denies the allegations in Paragraph 35 of the Complaint.

36. Mayo denies the allegations in Paragraph 36 of the Complaint.

37. Mayo denies the allegations in Paragraph 37 of the Complaint.

38. Mayo denies the allegations in Paragraph 38 of the Complaint.

## Demand for Judgment

39. Mayo denies that Plaintiff is entitled to judgment and denies that Plaintiff is entitled to any of the requested relief.

## Defenses and Affirmative Defenses

40. Mayo demands that Plaintiff fully comply with all requirements of Minn. Stat. § 145.682, including by producing all affidavits required by that statute.

41. Plaintiff's claims are barred or limited by principles of comparative or contributory negligence, and/or assumption of risk.

42. Plaintiff's alleged injuries resulted from acts, omissions, or causes outside the control of Mayo and its agents and employees.

## Demand for Jury Trial

43. Mayo demands a jury trial on all issues so triable.

## Prayer for Relief

**WHEREFORE**, Mayo prays for judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. Awarding Mayo its costs and disbursements herein, including reasonable attorneys' fees; and

3. Granting such other relief as the Court may deem just and proper.

Dated:  May 28, 2024 	DORSEY & WHITNEY LLP

By  *s/ Nathan Ebnet*
    Andrew Brantingham (#0389952)
    brantingham.andrew@dorsey.com
    Nathan J. Ebnet (#0395217)
    ebnet.nathan@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant Mayo Clinic*


OF COUNSEL TO DEFENDANT:
Matthew J. Hanzel, Esq., MN # 0229167
Mayo Clinic
Legal Department
220 First Street SW
Rochester, MN 55905

6