# EXHIBIT P

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - -

Michelle Simha, as
Trustee for the
Next-of-Kin of Noah
Leopold,

                            Civil File No.
        Plaintiff,    24-CV-01097-JRT-DTS

   vs.

Mayo Clinic,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION OF NATHAN PRINCE

Volume I, Pages 1 - 69

August 13, 2024

(The following is the deposition of Nathan Prince, taken pursuant to Notice of Taking Deposition, via video, at Mayo Clinic, Legal Department, 100 2nd Street SW, Rochester, Minnesota, commencing at approximately 9:09 a.m., August 13, 2024.)

1   APPEARANCES:

2      On Behalf of the Plaintiff:

3         Brandon Thompson
            CIRESI CONLIN LLP
4         225 South Sixth Street
            Suite 4600
5         Minneapolis, Minnesota 55402

6      On Behalf of the Defendant:

7         Andrew Brantingham
            DORSEY & WHITNEY LLP
8         50 South Sixth Street
            Suite 1500
9         Minneapolis, Minnesota 55402

10  ALSO PRESENT:

11     Ron Huber, Videographer
       Anna C. Messerly, Ciresi Conlin
12     Maggie Palmisano, Ciresi Conlin (via Zoom)
       Michelle Simha (via Zoom)
13     Norman Leopold (via Zoom)
       Karen Leopold (via Zoom)
14     Jenna Shulman (via Zoom

15

16               EXAMINATION INDEX

17  WITNESS           EXAMINED BY        PAGE

18  Nathan Prince      Mr. Thompson       8

19

20

21

22

23

24

25

1            P R O C E E D I N G S

2         MR. BRANTINGHAM: So we're on the

3 record and making a record before the witness is

4 in the room. It is Tuesday morning, the 13th of

5 August. I want to address a couple of discovery

6 issues. The first has to do with the disclosure

7 of the video used in Dr. Ternus' deposition on

8 August 12th, and I just want to make a record

9 that coun -- Mr. Thompson and I had a

10 conversation with Magistrate Schultz about the

11 issue. At the end of the day of the 12th, my

12 understanding of the judge's order on the issue

13 is that we should proceed with the remaining

14 depositions. I understood Mr. Thompson to

15 confirm to the judge and to me that plaintiff

16 will not be using any documents in the remainder

17 of these depositions that have not been produced

18 in discovery other than potentially medical

19 literature. And my understanding of the judge's

20 order was that plaintiff is precluded from

21 referring to the video of Dr. Ternus, the

22 statements made in the video, or the testimony

23 about the video garnered yesterday, in any of

24 the remaining depositions.

25         Do you share that understanding, or is

1  there anything you want to correct about that?
2           MR. THOMPSON:  Yeah.  No, I think
3  that's an accurate recitation of our discussion.
4           MR. BRANTINGHAM:  Okay.  So that's that
5  issue.
6           The second issue has to do with Mayo's
7  production of emails responsive to plaintiff's
8  document requests.  We have been working on that
9  issue and communicating on that issue over the
10 last several days.  In responding to plaintiff's
11 document requests we engaged Mayo's internal
12 discovery group, as we typically do, to search
13 for responsive emails and produced those that
14 we -- that we found.  We learned last week in --
15 in meetings to prepare for these depositions of
16 a couple of emails that had not been located in
17 that search which led, I think, Mr. Thompson to
18 inquire, and led us to inquire, as to why those
19 were not found in the original searches.  It is
20 now -- we've now been able to discern, and I
21 don't have all the information on this yet, that
22 there needs to be broader searches, and we're
23 running those searches to ensure complete
24 production.  I, as I said, I don't yet know what
25 all the outcome of that will be, but we're