# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - -

Michelle Simha, as
Trustee for the
Next-of-Kin of Noah
Leopold,

                          Civil File No.
          Plaintiff,      24-CV-01097-JRT-DTS

    vs.

Mayo Clinic,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION OF ANDREW ROSENBAUM

Volume I, Pages 1 - 118

August 13, 2024


    (The following is the deposition of Andrew
Rosenbaum, taken pursuant to Notice of Taking
Deposition, via video, at Mayo Clinic, Legal
Department, 100 2nd Street SW, Rochester,
Minnesota, commencing at approximately 10:28
a.m., August 13, 2024.)

1  APPEARANCES:

2      On Behalf of the Plaintiff:

3          Brandon Thompson
           Bibeane Metsch-Garcia (via Zoom)
4          CIRESI CONLIN LLP
           225 South Sixth Street
5          Suite 4600
           Minneapolis, Minnesota 55402
6
       On Behalf of the Defendant:
7
           Andrew Brantingham
8          DORSEY & WHITNEY LLP
           50 South Sixth Street
9          Suite 1500
           Minneapolis, Minnesota 55402
10
    ALSO PRESENT:
11
       Ron Huber, Videographer
12     Anna C. Messerly, Ciresi Conlin
       Sheri Peterson, Mayo Clinic
13     Maggie Palmisano, Ciresi Conlin (via Zoom)
       Michelle Simha (via Zoom)
14     Norman Leopold (via Zoom)
       Karen Leopold (via Zoom)
15     Jenna Shulman (via Zoom)

16

17

18

19

20

21

22

23

24

25

1                    EXAMINATION INDEX

2  WITNESS                EXAMINED BY           PAGE

3  Andrew Rosenbaum       Mr. Thompson          4

4                         Mr. Brantingham       78

5                         Mr. Thompson          85

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  part of the recipient informed consent process

2  for transplantation."  What does that mean to

3  you?

4          MR. BRANTINGHAM:  Are you familiar with

5  that standard?

6          THE WITNESS:  No.

7      Q.  I read you a statement.

8      A.  Yes.

9      Q.  Tell me what that statement means to

10  you.

11     A.  It means that minimal information

12  should be provided to the recipient about the

13  donor except that which is necessary for

14  informed consent.

15     Q.  And I think we talked about how in the

16  state of Minnesota what is necessary for

17  informed consent is anything that the patient

18  would find significant.  And you told me that

19  that's what you strive to do; right?

20     A.  Yes.

21         MR. BRANTINGHAM:  Hang on.  Just one

22  second.  That misrepresents that law as well.

23         MR. THOMPSON:  No, it doesn't.

24         MR. BRANTINGHAM:  Yeah, it does.

25         MR. THOMPSON:  Okay.

1            MR. BRANTINGHAM:  So just --

2            We need to be clear.  This is a fact

3    witness.  You don't need to take Mr. Thompson's

4    representations to you about the law.  Just

5    answer facts.

6            MR. THOMPSON:  Okay.

7            MR. BRANTINGHAM:  That's it.

8            MR. THOMPSON:  So now we're -- now

9    we're getting back into the coaching thing

10   again.  Don't coach him on how to answer my

11   questions.

12           MR. BRANTINGHAM:  You can't mislead

13   witnesses, Brandon, to get --

14           MR. THOMPSON:  I'm not misleading the

15   witness.

16           MR. BRANTINGHAM:  -- to get the

17   testimony that you want.  It doesn't work that

18   way.  And I --

19           MR. THOMPSON:  Are you finished?

20           MR. BRANTINGHAM:  I will object when

21   you misrepresent the law or the facts to the

22   witness in order to get testimony that you want,

23   and that's my objection.

24           MR. THOMPSON:  And -- and you are

25   within your rights to object.  What you're not

1  within your rights to do is turn to the witness

2  and instruct him on what he need or need not do

3  in answering my questions, and you know that.

4  That's called coaching.  That's called coaching

5  a witness.  So now you're continuing to do it on

6  the record in addition to doing it off the

7  record, and I've made my record on it before and

8  I'm going to do it again.  Knock it off.  You

9  can't coach a witness on how to answer a

10  question, and you know that.  If you have an

11  objection, make your objection, period.  You

12  know that's what the rules require.

13      Q.  Now you told me before that what you

14  strive to do in providing informed consent is

15  provide all of the information that a patient

16  would find significant.  Is that still your

17  testimony now?

18      A.  Yes.

19      Q.  Okay.  That is your understanding of

20  what informed consent requires; right?

21      A.  Yes.

22      Q.  So you know that what OPTN says is if

23  you've got to tell somebody something in order

24  to comply with your informed-consent obligation,

25  you're allowed to tell them; right?