# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - -

Michelle Simha, as
Trustee for the
Next-of-Kin of Noah
Leopold,
                                Civil File No.
        Plaintiff,    24-CV-01097-JRT-DTS

  vs.

Mayo Clinic,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION OF DANIELLE FAY

Volume I, Pages 1 - 142

August 13, 2024

(The following is the deposition of Danielle Fay, taken pursuant to Notice of Taking Deposition, via video, at Mayo Clinic, Legal Department, 100 2nd Street SW, Rochester, Minnesota, commencing at approximately 2:22 p.m., August 13, 2024.)

1    APPEARANCES:

2       On Behalf of the Plaintiff:

3           Brandon Thompson
              CIRESI CONLIN LLP
4           225 South Sixth Street
              Suite 4600
5           Minneapolis, Minnesota 55402

6       On Behalf of the Defendant:

7           Andrew Brantingham
              DORSEY & WHITNEY LLP
8           50 South Sixth Street
              Suite 1500
9           Minneapolis, Minnesota 55402

10   ALSO PRESENT:

11      Ron Huber, Videographer
       Anna C. Messerly, Ciresi Conlin
12     Maggie Palmisano, Ciresi Conlin (via Zoom)
       Michelle Simha (via Zoom)
13     Norman Leopold (via Zoom)
       Karen Leopold (via Zoom)
14     Jenna Shulman (via Zoom

15              EXAMINATION INDEX

16   WITNESS          EXAMINED BY        PAGE

17   Danielle Fay      Mr. Thompson       7

18                  Mr. Brantingham    115

19                  Mr. Thompson       123

20

21

22

23

24

25

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

1      P R O C E E D I N G S

2            MR. BRANTINGHAM:  I wanted to take up

3   the issue you emailed me about a couple of

4   minutes ago, counsel, regarding conferring with

5   witnesses during depositions and so forth.  I

6   sent you an email back, I don't know if you had

7   the chance to review it.

8            MR. THOMPSON:  Nope.

9            MR. BRANTINGHAM:  The simple issue is I

10  think you're wrong on the law that governs here.

11  I think counsel are absolutely entitled to talk

12  to their clients on breaks during depositions.

13  I'm not interested in the -- the coaching part

14  of it.  I'm not interested in the discussion of

15  what happens on the record.  I know the rules.

16  You know the rules.

17           If your position is that I'm not

18  allowed to talk to my clients and have a

19  privileged conversation on deposition breaks,

20  then we need to raise it with magistrate right

21  now and get a ruling on that.  If that's -- if

22  you don't care to press that position, fine.

23  But I -- I don't want to proceed without clarity

24  on what you intend to do about that.

25           MR. THOMPSON:  I don't have to tell you

1  what I intend to do about that.  I have made my
2  position clear.  The law is clear.  The cases I
3  sent are clear.  I mean what -- how could you
4  possibly disagree with the law?  The -- the
5  quotes from the cases --
6          MR. BRANTINGHAM:  I can answer the
7  question if you want me to.
8          MR. THOMPSON:  Please.
9          MR. BRANTINGHAM:  So the Hall case you
10 cite from the Eastern District of Pennsylvania
11 is well known in the bar as, frankly, an
12 outlier.  I can send you a bunch of cases that
13 say it's wrong and criticize it as an outlier.
14 It's not in this jurisdiction.  It doesn't
15 govern us.
16         MR. THOMPSON:  I sent you an Eighth
17 Circuit Case.
18         MR. BRANTINGHAM:  The Eighth Circuit is
19 from the Eastern District of Missouri, and it,
20 too, does not govern in this district, and I
21 don't think it says that counsel cannot talk to
22 their clients on a break from a deposition.
23 People do that in every deposition I've been in,
24 counsel talk to their clients on break.
25         MR. THOMPSON:  Not in depositions where

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

1  you've taken my clients do I go and talk to my
2  clients about the questions that you were
3  asking, and then come back and try to
4  rehabilitate their testimony based on
5  instructions that I've given them, --
6         MR. BRANTINGHAM:  Okay.
7         MR. THOMPSON:  Just hold on.
8         MR. BRANTINGHAM:  Sure.  Go ahead.
9         MR. THOMPSON:  Hold on.  Hold on.
10        MR. BRANTINGHAM:  Sure.
11        MR. THOMPSON:  -- which is what I think
12 happened.  And we don't have to fight about it.
13 You -- we have a disagreement over what the law
14 allows.  We'll see what happens in the
15 depositions, and if there's a remedy that I feel
16 like I need to take up, then I'm going to do
17 that.
18        MR. BRANTINGHAM:  Okay.  Well then I
19 think we need to call the judge.  I think -- I
20 want a ruling on it now.  I don't want to
21 proceed based on this goofy notion that you have
22 that something is going to happen down the road
23 and you're going to say all this was done wrong.
24 Let's take it up.
25        MR. THOMPSON:  If you want to get the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

1  judge on the phone, that's fine.
2         MR. BRANTINGHAM:  Okay.  Let's do it.
3         THE REPORTER:  Off the record.
4         (Recess taken from 2:25 p.m. to 2:31
5         p.m.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25