# Exhibit EE

Thompson Decl. Ex. EE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Simha, as Trustee for the Next-of-Kin of Noah Leopold,<br><br>            Plaintiff,<br><br>vs.<br><br>Mayo Clinic,<br><br>            Defendant. | Civil File No. 24-CV-01097-DTS<br><br>**DEFENDANT MAYO CLINIC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES – SET 1** |

TO: Plaintiff Michelle Simha, and her attorney Brandon E. Thompson, Ciresi Conlin LLP, 225 South Sixth Street, Suite 4600, Minneapolis, MN 55402.

Defendant Mayo Clinic ("Mayo"), by and through its counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby submits the following responses and objections to Plaintiff Michelle Simha's ("Plaintiff") Interrogatories to Defendant Mayo Clinic – Set 1 (the "Interrogatories"):

## GENERAL OBJECTIONS

1. Mayo objects to Plaintiff's Interrogatories to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.

2. Mayo objects to Plaintiff's Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, the peer review privilege, or any other applicable privilege or protection. In

responding to any interrogatory, Mayo does not waive its right to assert any privilege or protection.

3. Mayo objects to any instruction contained within Plaintiff's Interrogatories to the extent Plaintiff seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

4. Mayo objects to Plaintiff's definitions of "You," "Your," "Yours," and "Defendant" insofar as they purport to include undefined "related entity (association, corporation, partnership, including any variation or form of same); related individual (partner, agent, employee, or contractor); or representative (attorney, insurance company or any person employed by same)." Mayo will respond to Plaintiff's Interrogatories by providing responses as required by the Federal Rules of Civil Procedure, the Court's orders, and/or the parties' agreements.

5. Mayo objects to Plaintiff's definition of "Facility" insofar as it purports to include undefined "divisions or sub-parts thereof." Mayo will respond to Plaintiff's Interrogatories by providing responses as required by the Federal Rules of Civil Procedure, the Court's orders, and/or the parties' agreements.

6. Mayo objects to Plaintiff's definitions of "Possession, Custody and Control" insofar as it purports to include undefined "right[s] (superior to that of

the requesting party) to compel the production from a third party entity (including an agency, subsidiary, division, authority or representative) having physical possession of the item." Mayo will respond to Plaintiff's Interrogatories by providing responses required by the Federal Rules of Civil Procedure, the Court's orders, and/or the parties' agreements.

7. Mayo objects to each of Plaintiff's Interrogatories to the extent it calls for a legal conclusion.

8. Mayo continues to gather information and reserves the right to supplement, revise, correct, clarify, or amend any of the following responses.

9. Each of Mayo's responses to Plaintiff's Interrogatories is subject to these General Objections as well as the objections made to each particular interrogatory. By responding to certain of Plaintiff's Interrogatories, Mayo does not waive these General Objections or any specific objections to a particular interrogatory.

10. Counsel for Mayo invites discussion with Plaintiff's counsel with respect to objections and answers to Plaintiff's Interrogatory, with the expectation that discussion between counsel may lead to elimination or modification of objections, reduce burdens on Plaintiff, or otherwise result in mutually satisfactory resolution of asserted objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please describe in detail, and not in summary fashion, all communications – be they oral or written – between or among any of the below-listed Mayo personnel that relate in any way to the August 29 Donor Heart:

    Salah Altarabsheh
    Barry Boilson
    Akshay Chauhan
    John Eaton
    Gustavo Knop
    Michael Pick
    Nathan Prince
    Andrew Rosenbaum
    Paul Tang
    Bradley Ternus
    Mauricio Villavicencio

It has been the experience of Plaintiff's counsel that defendants will, from time to time, respond to an interrogatory like this by indicating that the topic is more appropriately directed to deposition. **Please do not respond to this interrogatory in that fashion.** Plaintiff intends, in serving this interrogatory, to gather information that will allow her to prepare to take the depositions of the above-mentioned individuals. This interrogatory is intended to gather information, prior to deposition, about communications relating to the August 29 Donor Heart so those communications can be further explored in depositions.

**RESPONSE:** Mayo objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. *See, e.g., Burd v. Ford Motor Co.*, 2014 U.S. Dist. LEXIS 162090, at *14-15 (S.D.W.V. Nov. 18, 2014) (deeming a request for all oral communications regarding a subject as "overly broad"). Mayo also objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or peer review

4
Thompson Decl. Ex. EE

protection, Minn. Stat. § 145.61, *et seq*. Mayo further objects to this request to the extent it seeks to impose obligations beyond those required by Fed. R. Civ. P. 33. Finally, Mayo objects to this request to the extent it seeks protected health information or other information protected from disclosure by applicable law, contractual obligations, and/or obligations imposed on Mayo by non-Mayo entities, including without limitation the Centers for Medicare & Medicaid Services ("CMS"), United Network for Organ Sharing ("UNOS"), and TransMedics, Inc.

Subject to and without waiving the foregoing general and specific objections, Mayo identifies the following written communications:

1. Mayo_Leopold_0025052. An email chain titled "Thoracic AM offer report" sent to Dr. Mauricio Villavicencio and others dated August 29, 2023, concerning Mr. Leopold's expected heart transplant that evening. The email chain also contains a list of other organs for potential transplant.

2. Mayo_Leopold_0025055. An email chain titled "Thoracic AM offer report 8/29-8/30" sent to Dr. Villavicencio and others dated August 30, 2023, concerning Mr. Leopold's status in the operating room. The email chain also contains a list of other organs for potential transplant.

3. Mayo_Leopold_0025058, Mayo_Leopold_0025060, Mayo_Leopold_0025062, and Mayo_Leopold_0025067. An email chain titled "Urgent re-listing for heart transplant" between Dr. Villavicencio, Dr. Andrew Rosenbaum, and others dated August 30, 2023, concerning Mr. Leopold's heart transplant, complicated by intramyocardial hematoma extending circumferentially resulting in structural failure such that the donor heart was inadequate for successful transplantation.

4. Mayo_Leopold_0025064, Mayo_Leopold_0025065, and Mayo_Leopold_0025066. An email chain titled "Heart Transplant" between Dr. Villavicencio and Sandra Schwantz dated August 30, 2023, concerning Mr. Leopold's status and need to be relisted for another heart transplant.

5. Mayo_Leopold_0025070 and Mayo_Leopold_0025071. An email chain titled "Solid Organ Transplant Notification: Heart" sent to Dr. Villavicencio and others dated August 30, 2023, concerning Mr. Leopold's removal from the UNET heart waitlist.

6. Mayo_Leopold_0025081-83. A text message chain between Michael Pick, Danielle Fay, and Megan Osterhaus dated August 30, 2023, concerning the August 29 Donor Heart's lactate numbers.

7. Mayo_Leopold_0025084. A text message chain between Michael Pick and Dr. Villavicencio dated August 29, 2023, concerning procurement of the August 29 Donor Heart.

With respect to oral communications, Mayo refers Plaintiff to Mr. Leopold's Mayo medical records, produced in response to Plaintiff's Document Request No. 1. Within those records, Mayo identifies the following pages that may reflect oral communications between and among Mayo personnel regarding the August 29 Donor Heart: Mayo_Leopold_0001553-0001555, Mayo_Leopold_0001857, Mayo_Leopold_0001864-0001865, Mayo_Leopold_0001879-0001880, Mayo_Leopold_0001896, Mayo_Leopold_0002075-0002076, Mayo_Leopold_0002131-0002134, Mayo_Leopold_0003894-0003895, and Mayo_Leopold_0003900-0003907.

In addition, Mayo states that Dr. Salah Altarabsheh and Dr. Gustavo Knop may have discussed characteristics of the August 29 Donor Heart prior to leaving Mayo to retrieve the heart from the Portneuf Medical Center on August 29, 2023.

Mayo also states that Dr. Altarabsheh, Dr. Knop, and Mr. Pick may have discussed characteristics of the August 29 Donor Heart while they retrieved it from the donor on August 29, 2023.

Mayo further states that Dr. Villavicencio communicated with members of the Mayo procurement team, including Dr. Altarabsheh, Dr. Knop, and/or Mr. Pick, while the latter were at the Portneuf Medical Center retrieving the August 29 Donor Heart. Those communications concerned the characteristics of the August 29 Donor Heart and the timing of its transport to Mayo.

Once the August 29 Donor Heart arrived at Mayo, Mayo personnel involved in the surgery orally communicated regarding the August 29 Donor Heart and the surgery they were performing, as is customary and appropriate in the surgical setting. Some, but not all, of those oral communications are reflected in Mr. Leopold's Mayo medical records identified above. The Mayo personnel identified in Interrogatory No. 1 do not recall specific oral communications beyond what is set forth in Mr. Leopold's Mayo medical records.

Following the August 29 surgery, Mayo personnel, including Dr. Knop, Dr. Bradley Ternus, and Nathan Prince, may have orally communicated with

other Mayo personnel regarding the surgical outcome and Mr. Leopold's clinical status. These individuals do not recall the specifics of those conversations, beyond what is set forth in Mr. Leopold's Mayo medical records.

    Discovery is ongoing, and Mayo reserves the right to supplement or amend this response.

## **Verification Forthcoming**

Verification to be provided by Katie C. McKee, Operations Administrator, Surgery/Surgical Specialties.

Dated: August 7, 2024

DORSEY & WHITNEY LLP

By /s/ Nathan J. Ebnet
   Andrew Brantingham (#389952)
   brantingham.andrew@dorsey.com
   Nathan J. Ebnet (#0395217)
   ebnet.nathan@dorsey.com
   Samuel Audley (#0401766)
   audley.samuel@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Defendant Mayo Clinic*

OF COUNSEL TO DEFENDANT:
Matthew J. Hanzel, Esq., MN # 0229167
Mayo Clinic
Legal Department
220 First Street SW
Rochester, MN 55905

## CERTIFICATE OF SERVICE

I certify that on August 7, 2024, I caused a true and correct copy of **MAYO'S RESPONSES TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT MAYO CLINIC – SET 1** to be served upon the counsel below via email:

> Brandon E. Thompson
> Ciresi Conlin LLP
> 225 South Sixth Street, Suite 4600
> Minneapolis, MN  55402

Dated:  August 7, 2024

_/s/ Nathan J. Ebnet_
Nathan J. Ebnet